**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

HOWARD HAILSTORK, BRIAN MCCLELLAN,
MICHAEL COCKERHAM, on behalf of
themselves and all others similarly situated,

      *Plaintiff*,

      vs.

PATENAUDE & FELIX, A.P.C.,

      *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No.:  2:20-cv-678

**CLASS ACTION COMPLAINT**

Filed on Behalf of Plaintiffs:
Howard Hailstork, Brian McClellan,
and Michael Cockerham

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:        JWard@FentersWard.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

HOWARD HAILSTORK, BRIAN MCCLELLAN,          CIVIL DIVISION
MICHAEL COCKERHAM, on behalf of
themselves and all others similarly situated,          **ELECTRONICALLY FILED**

       *Plaintiff,*          Case No.:   2:20-cv-678

       vs.

PATENAUDE & FELIX, A.P.C.,

       *Defendant.*

## CLASS ACTION COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiffs, Howard Hailstork, Brian McClellan, and Michael Cockerham, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiffs"), by and through his attornies, The Law Firm of Fenters Ward, and specifically, Joshua P. Ward, Esq., and files this Class Action Complaint against the above named Defendant, Patenaude & Felix, A.P.C., (hereinafter, "P&F") showing the Court as follows:

## PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA after finding existing laws "inadequate to protect consumers," and that "effective collection of debts" did not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) &(c).

2.      There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

3.      The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as Plaintiff brings this lawsuit Upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

5.      Venue is proper pursuant to 28 U.S.C. § 1391 as this district and division is where Defendant is subject to jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and where a substantial part of the events and omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff, Brian McClellan, is a natural person and resident of Pennsylvania who currently resides at 427 Madison Avenue, Brookville, Pennsylvania 15825.

7.      Plaintiff, Howard Hailstork is a natural person and resident of Pennsylvania who currently resides at 5601 Penn Avenue, Apartment B47, Pittsburgh, Pennsylvania 15206.

8.      Plaintiff, Michael Cockerham, is a natural person and resident of Pennsylvania who currently resides at 812 Orchard Street, Harwick, Pennsylvania 15049.

9.      Plaintiffs are respectively "consumer[s]" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

10.     Defendant, Patenaude & Felix, A.P.C. is a corporation with its principal place of business located at 4545 Murphy Canyon Road, Third Floor, San Diego, California 92123.

11.     Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## ALLEGATIONS OF FACT

**A. LVNV Funding, LLC v. Brian McClellan**

12.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

13.     On January 13, 2020, P&F, on behalf of LVNV Funding, LLC, (hereinafter "LVNV Funding") filed a Civil Complaint against Brian McClellan in Magisterial District Court at Docket Number: MJ-54303-CV-0000001-2020. A true and correct copy of the Civil Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

14.     A Civil Action Hearing for Magisterial District Court case MJ-54303-CV-0000001-2020 was scheduled for February 28, 2020 at 9:00 a.m. See Exhibit "A".

15.     In response to the aforesaid lawsuit, Brian McClellan engaged The Law Firm of Fenters Ward for representation.

16.     On January 25, 2020, The Law Firm of Fenters Ward served P&F with a dispute letter wherein P&F was informed of the disputed nature regarding the alleged debt and that Brian McClellan was represented by The Law Firm of Fenters Ward. A true and correct copy of this dispute letter is attached hereto, made a part hereof, and marked as Exhibit "B".

17.     On January 27, 2020, The Law Firm of Fenters Ward timely filed an Entry of Appearance and an Intend to Defend Notice. See Exhibit "A".

18.     On February 28, 2020, in the matter of LVNV Funding and Brian McClellan, counsel for P&F attended the scheduled Civil Action Hearing. See Exhibit "A".

19.     Counsel for Brian McClellan, Thomas N. Papadakos, Esquire, (hereinafter "Attorney Papadakos"), on behalf of The Law Firm of Fenters Ward, attended the abovementioned Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

20.    P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance.

21.    P&F, rather, waited until the day of the Civil Action Hearing to request a continuance and, upon information and belief, represented to the Magisterial District Court that it needed time to bring a witness pursuant to PA. R.C.P.M.D.J. No. 215 which permits witness participation by technological means.

22.    At the continued March 11, 2020 Civil Action Hearing, P&F failed to present a witness, either in-person or by a technological means of communication, on behalf of LVNV Funding.

23.    At the March 11, 2020 Civil Action Hearing, Magisterial District Judge Gregory Bazylak issued a JUDGMENT FOR DEFENDANT in favor of Brian McClellan and against LVNV Funding. See Exhibit "A".

### B. LVNV Funding, LLC v. Michael Cockerham

24.    Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

25.    On January 16, 2020, P&F, on behalf of LVNV Funding, filed a Civil Complaint against Michael Cockerham in Magisterial District Court at Docket Number: MJ-05303-CV-0000009-2020. A true and correct copy of the Civil Docket is attached hereto, made a part hereof, and marked as Exhibit "C".

26.    A Civil Action Hearing for Magisterial District Court case MJ-05303-CV-0000009-2020 was scheduled for February 13, 2020 at 9:30 a.m. See Exhibit "C".

27.     In response to the aforesaid lawsuit, Michael Cockerham engaged The Law Firm of Fenters Ward for representation.

28.     On February 10, 2020, The Law Firm of Fenters Ward served P&F with a dispute letter wherein P&F was informed of the disputed nature regarding the alleged debt and that Michael Cockerham was represented by The Law Firm of Fenters Ward. A true and correct copy of this dispute letter is attached hereto, made a part hereof, and marked as Exhibit "D".

29.     On February 10, 2020, The Law Firm of Fenters Ward timely filed an Entry of Appearance and an Intend to Defend Notice. See Exhibit "C".

30.     On February 13, 2020, a Civil Action Hearing was held before the Honorable David Sosovicka, Magisterial District Judge in the matter of LVNV Funding and Michael Cockerham. See Exhibit "C".

31.     Counsel for P&F, Natasha N. Levin, Esquire, (hereinafter, "Attorney Levin") attended this initial Civil Action Hearing.

32.     Upon information and belief, Attorney Levin operated as an of-counsel attorney for P&F.

33.     Counsel for Michael Cockerham, Attorney Papadakos attended the abovementioned Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

34.     P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance.

35.    P&F once again waited until the day of the Civil Action Hearing to request a continuance and made representations regarding a need for time to bring a witness pursuant to PA. R.C.P.M.D.J. No. 215.

36.    The Civil Action Hearing was subsequently continued to March 12, 2020. See Exhibit "C".

37.    At this continued Civil Action Hearing, Judge David Sosovicka issued a JUDGMENT FOR DEFENDANT. See Exhibit "C".

38.    Despite its previously iterated request for time to bring a witness, P&F failed to bring any semblance of a witness through either physical or technological means.

### C. LVNV Funding, LLC v. Howard Hailstork

39.    Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

40.    On January 22, 2020, P&F, on behalf of LVNV Funding, filed a Civil Complaint against Howard Hailstork in Magisterial District Court at Docket Number: MJ-05303-CV-0000009-2020. A true and correct copy of the Civil Docket is attached hereto, made a part hereof, and marked as Exhibit "E".

41.    A Civil Action Hearing for Magisterial District Court case MJ-05231-CV-0000009-2020 was scheduled for February 24, 2020 at 2:30 p.m. See Exhibit "E".

42.    In response to the aforesaid lawsuit, Plaintiff engaged The Law Firm of Fenters Ward for representation.

43.    On February 6, 2020, The Law Firm of Fenters Ward served P&F with a dispute letter wherein P&F was informed of the disputed nature regarding the alleged debt and that Howard

Hailstork was represented by The Law Firm of Fenters Ward. A true and correct copy of this dispute letter is attached hereto, made a part hereof, and marked as Exhibit "F".

44.    On January 31, 2020 and February 6, 2020, The Law Firm of Fenters Ward timely filed an Entry of Appearance and an Intend to Defend Notice. See Exhibit "E".

45.    On February 24, 2020, in the matter of LVNV Funding and Howard Hailstork, a Civil Action Hearing was briefly held.

46.    At this abovementioned hearing, Adam H. Andrae, Esquire, (hereinafter, "Attorney Andrae") filed an entry of appearance of behalf of LVNV Funding. See Exhibit "E".

47.    Upon information and belief, Attorney Andrae operated as an of-counsel attorney for P&F.

48.    Counsel for Howard Hailstork, Attorney Papadakos, once again attended the Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

49.    P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance in the abovementioned case.

50.    Despite the lack of representations or communications regarding a desire for a continuance from P&F in the weeks leading up to the Civil Action Hearing, P&F again requested a continuance. See Exhibit "E".

51.    Once again, P&F made representations to the Court citing a desire to utilize PA. R.C.P.M.D.J. No. 215.

52.    The abovementioned Civil Action Hearing was continued to April 1, 2020 at 2:30 p.m. See Exhibit "E".

### D. Abusive Debt Collection Pattern and Practice

53.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

54.     Upon information and belief, P&F lacked any intention of prosecuting its case-in-chief at the abovementioned initial Civil Action Hearings.  Indeed, P&F prosecutes thousands of collection actions each year, and has employed an express corporate policy for making false reprsentations to the court about their 'lack of notice' that defense counsel would appear, and a false representation that additional time is needed to procure a witness.

55.     In the cases recounted hereinabove, P&F, intentionally waited until the day of the respective Civil Action Hearing to request a continuance for a hearing at a later date.

56.     By requesting a continuance the day of the hearing, and not in the weeks leading up to said hearing, P&F forces law firms across the Commonwealth to unnecessarily incur time and expense in attending hearings, only to be ambushed by this predatory and unethical tactic employed by P&F.

57.     This tactic, regularly employed by P&F, intentionally increases the cost of defending a case connected with the collection of an alleged debt and forces already indigent defendants to bear unnecessary additional fees and costs associated with preparing and attending inevitably continued civil action hearings.

58.     Furthermore, for *pro se* defendants, the cost of attending, what becomes a continued hearing is even greater, as the hardship endured from missing work, traveling to an unfamiliar magistrate court, etc. is not mitigated by the skills and experiences of an actively practicing law firm.

59.     P&F's pattern and practice manipulates the Pennsylvania Rules of Civil Procedure and distorts an otherwise convenient mechanism, created to mitigate the inconveniences society presents, into an abusive tactic designed intentionally to inflate the cost of defending cases against P&F.

60.     Incredibly, P&F has memorialized this practice in a document distributed, upon information and belief, to all attorneys associated with P&F. A true and correct copy of this document is attached hereto, made a part hereof, and marked as Exhibit "G".

61.     This document, titled "Same-Day Entry of Appearance by Opposing Attorneys," explicitly states "Attention, if an attorney appears at the hearing, and the attorney was not previously associated with the case, please notify the PA office of the attorney information. Please discuss settlement with the third party attorney. If no settlement is reached, *request a continuance on behalf of Plaintiff*." (emphasis added). See Exhibit "G".

62.     The document continues "If an explanation is needed from the court, please discuss the recent entry of appearance, the lack of notice given to Plaintiff and explain to the court that if Defendant will not be present during the hearing, Plaintiff needs time to see if our client desires to bring a witness via Pa. R.C.P.M.D.J. No. 215." See Exhibit "G".

63.     Listed below the abovementioned is a phone number that when dialed connects the caller to an office associated with P&F.

64.     This document illustrates a P&F pattern and practice of attending civil action hearings, with a corresponding lack of intention to prosecute its principle case-in-chief, and an ultimate desire to have the hearing continued to a later date.

65.     This document was freely handed over to Attorney Papodakos at one such hearing.

66.     Aside from illustrating an abusive debt collection tactic, one designed to elicit law firms to expend resources to prepare and send attorneys to inevitably postponed hearings, the documentation encourages attorneys to utilize false and misleading statements in requesting its continuance.

67.     The documentation informs the P&F attorney to indicate to the court that a "recent entry of appearance" as justification for continuing the case. See Exhibit "G".

68.     Upon information and belief, P&F regularly utilizes of-counsel attorneys to attend civil action hearings.

69.     Therefore, citing the "recent entry of appearance" is insufficient grounds to warrant the continuance of a case.

70.     Employing this explanation to a magistrate judge or court, a magistrate that lacks the context of P&F's business practices, connotes that this "recent entry" is an uncommon occurrence.

71.     The factual reality, however, evidences otherwise and to request a continuance due to a "recent entry of appearance" in such a fashion constitutes a false and misleading representation to all, as well as an unconscionable means to collect a debt, by intentionally inflating the cost to the defendant litigant.

72.     Furthermore, the magistrate courts should not be forced to burden the judicial economy by postponing the finality of a case to another day due to P&F's business practices.

73.     This argument is ever-heightened given the fact that P&F will present the same set of facts, evidence, and lack of a witness at the present hearing as it would at a postponed hearing.

74.     Alternatively, if the documentation refers to The Law Firm of Fenters Ward's "recent entry of appearance" on a case then this reasoning is even further factually incorrect.

75.     In all of the abovementioned magistrate cases, The Law Firm of Fenters Ward filed its Entry of Appearances and Intent to Defend Notices with the relevant magisterial jurisdictions. See Exhibits "A", "C", and "E".

76.     The Law Firm of Fenters Ward routinely files Entry of Appearances and Intend to Defend Notices with sufficient notice to alert any opposing counsel or opposing law firms of its appearance on a case and of its intend to defend the corresponding complaint in civil action.

77.     Additionally, The Law Firm of Fenters Ward routinely sends a letter directly to P&F as notice of attorney representation.

78.     The Law Firm of Fenters Ward utilizes the same counsel to attend the hearings on a daily or weekly basis against P&F.  P&F then falsely asserts that they were unaware of the 'specific' attorney that appears at the hearing.

79.     Therefore, reciting to a magistrate judge that the entry of appearance of The Law Firm of Fenters Ward is "recent" is factually inaccurate and is misleading in nature.

80.     Upon information and belief, P&F has been routinely reciting the above-documented "rationale" to magistrate courts across the Commonwealth when requesting continuances.

81.     Upon information and belief, P&F regularly represented to magistrate courts that additional time was needed to confer with its client regarding appearing at a civil action hearing.

82.     Upon information and belief, P&F had no intention of discussing such a potentiality with its client, and did not in fact discuss such potentiality with its client.

83.     This allegation is further evidenced by P&F's repeated request for continuances reciting the above-mentioned grounds and the resulting lack of witness participation at the subsequent civil action hearings.

84.     By employing a pattern and practice of requesting a continuance to later utilize a witness despite the factual reality that no witness would actually be utilized, P&F thereby intentionally put forth false and misleading representations to magistrate courts and judges across the Commonwealth.

85.     By encouraging attorneys to utilize factually incorrect statements to magistrate judges evidenced by Exhibit "G", P&F regularly used false and misleading representations in the attempted collection of any debt.

86.     By utilizing false, deceptive, and misleading representations and means in connection with the collection of any debt, P&F violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

87.     P&F engaged in a pattern and practice designed to intentionally inflate the cost of defending a case against P&F and correspondingly forced unnecessary financial hardship upon clients, *pro se* defendants, and opposing attorneys across the Commonwealth.

88.     The natural consequence of such a pattern and practice culminated in behavior that is ultimately harassing, oppressive, and abusive in connection with the collection of any debt in violation of 15 U.S.C. § 1692d of the FDCPA.

89.     Furthermore, by appearing at a civil action hearing with no intention of litigating the cause of action at issue, P&F took action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

## **CLASS ALLEGATIONS**

90.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

91.     Plaintiff brings this claim on behalf of the following class pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendant litigated against in the Magisterial District Courts whereupon Defendant requested a continuance by utilizing false and misleading representations in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA creating an abusive, oppressive, and harassing pattern and practice in violation of 15 U.S.C. § 1692d of the FDCPA.

92.     Excluded from the classes are Defendant, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

93.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

94.     Questions of law of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issue concerns whether Defendant's pattern and practice of utilizing false and misleading representations to magisterial district judges, courts, and opposing counsel in connection with any debts constitute violations of 15 U.S.C. § 1692e, 1692e(5), and 1692e(10) of the FDPCA. Furthermore, an additional primary issue exists as to whether pattern and practice constitutes an abusive, oppressive, or harassing practice and thereby violates 15 U.S.C. § 1692d of the FDCPA.

95.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

96.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is

impracticable because there are hundreds and/or thousands of persons who have been victimized as a result of the employment of P&F's abovementioned practice that violates protections provided the FDCPA. The identities of all class members are readily ascertainable from the records of Defendant and the related Magisterial District Justice proceedings to which Defendant has employed the abovementioned practice.

97.    **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a.  Whether Defendant's purported statements to magisterial district judges constitute false and misleading representations given the meaning of the statements themselves contrasted against the factual reality of P&F's business practices thereby rendering the purported statements false and a violation of 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

b.  Whether Defendant's pattern and practice of intentionally utilizing false and misleading statements and representations to postpone civil action hearings thereby inflating the cost of defending the cause of action constitutes conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 16 U.S.C. § 1692d of the FDCPA.

c.  Whether Defendant's appearance at a magisterial district court proceeding, lacking the intention of putting forth its case-in-chief and utilizing false representations to inflate the cost of defending the action constitutes an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

    d.   Whether Plaintiff and the Class have been injured or sustained damages and are entitled to remedy as a result of Defendant's conduct and if so, what the appropriate measure and statutory formula to be applied in making such a determination;

    e.   Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

98.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

99.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other class members Plaintiffs seeks to represent; Plaintiffs has retained counsel competent and experienced in complex class action litigation; Plaintiffs intend to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiffs and Plaintiff's counsel.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e, *et seq.*

100.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

101.    Plaintiffs are all "consumer[s]" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

102.    Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

103.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

104.    The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

105.    Upon information and belief, the alleged "debt[s]" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 1692a(5).

106.    Plaintiffs did not make purchases or use credit to make purchases that were related to any business purposes. All purchases were primarily for personal, family and/or household use.

107.    15 U.S.C. § 1692e of the FDCPA provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any legal action that cannot legally be taken or that is not intended to be taken.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

108.    On January 13, 2020, P&F, on behalf of LVNV Funding, LLC, filed a Civil Complaint against Brian McClellan in Magisterial District Court at Docket Number: MJ-54303-CV-0000001-2020. See Exhibit "A".

109.    On February 28, 2020, a Civil Action Hearing was held before the Honorable Gregory Bazylak, Magisterial District Judge in the matter of LVNV Funding and Brian McClellan. See Exhibit "A".

110.    Counsel for Brian McClellan, Attorney Papadakos, on behalf of The Law Firm of Fenters Ward, attended the abovementioned Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

111.    Prior to the abovementioned civil action hearing, P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward indicating a necessity existed sufficient to request a continuance.

112.    P&F, rather, waited until the day of the Civil Action Hearing to request a continuance and, upon information and belief, represented to the Magisterial District Court that it needed time to bring a witness.

113.    On January 16, 2020, P&F, on behalf of LVNV Funding, filed a Civil Complaint against Michael Cockerham in Magisterial District Court at Docket Number: MJ-05303-CV-0000009-2020. See "C".

114.    On February 13, 2020, a Civil Action Hearing was held before the Honorable David Sosovicka, Magisterial District Judge in the matter of LVNV Funding and Michael Cockerham. See Exhibit "C".

115.    Upon information and belief, Attorney Levin operated as an of-counsel attorney for P&F.

17

116. Counsel for Michael Cockerham, Attorney Papadakos attended the abovementioned Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

117. P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance.

118. P&F, once again, waited until the day of the Civil Action Hearing to request a continuance and made representations regarding a need for time to bring a witness.

119. The Civil Action Hearing was subsequently continued to March 12, 2020. See Exhibit "C".

120. On January 22, 2020, P&F, on behalf of LVNV Funding, filed a Civil Complaint against Howard Hailstork in Magisterial District Court at Docket Number: MJ-05231-CV-0000009-2020. See Exhibit "E".

121. A Civil Action Hearing for the abovementioned case was scheduled for February 24, 2020 at 2:30 p.m. See Exhibit "E".

122. At this abovementioned hearing, Attorney Andrae filed an entry of appearance of behalf of LVNV Funding. See Exhibit "E".

123. Upon information and belief, Attorney Andrae operated as an of-counsel attorney for P&F.

124. Counsel for Howard Hailstork, Attorney Papadakos, once again attended the Civil Action Hearing prepared to put forth the arguments necessary to defend the complaint.

125.    P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance in the abovementioned case.

126.    P&F made no representations to the Magisterial District Court or The Law Firm of Fenters Ward prior to the abovementioned Civil Action Hearing indicating a necessity existed sufficient to request a continuance in the abovementioned case.

127.    Despite this, P&F again waited until the day of the Civil Action Hearing to request a continuance thereby inflating the cost for Howard Hailstork to defend the complaint in civil action as costs and resources were expended in preparing and sending Attorney Papadakos to an inevitably continued hearing. See Exhibit "E".

128.    Once again, P&F made representations to the Court that it needed additional time to bring a witness.

129.    The abovementioned Civil Action Hearing was continued to April 1, 2020 at 2:30 p.m. See Exhibit "E".

130.    Upon information and belief, P&F had no intention of producing a witness.

131.    The Law Firm of Fenters Ward timely filed Entry of Appearances and Intent to Defend Notices in each case. See Exhibits "A", "C", and "E".

132.    The Law Firm of Fenters Ward served LVNV Funding, by and through P&F, with a dispute letter in each case. See Exhibits "B", "D", and "F".

133.    The Law Firm of Fenters Ward regularly and routinely attends Magistrate Civil Action Hearings and files Entry of Appearances and Intent to Defend Notices.

134.    At the continued Civil Action Hearings, in the matters of LVNV Funding and Brian McClellan and Michael Cockerham, P&F did not attempt to produce a witness.

135.    At these continued Civil Action Hearings, the Magistrate Judges correctly issued JUDGMENTS FOR DEFENDANTS in favor of Brian McClellan and Michael Cockerham, respectively.

136.    In each case, no representations from P&F to the Magisterial District Courts or The Law Firm of Fenters Ward were made concerning the need for a continuance relating to P&F's inability to offer a witness.  Upon information and belief, no attempt was made to procure a witness in the interim.

137.    Rather, the conduct of P&F was governed according to the documentation attached as Exhibit "G".

138.    P&F intentionally waited until the day of the respective civil action hearing, thereby incurring the maximum potential cost to the opposing counsel and its client, to mention the desire for a continuance.

139.    In each of the above cases, P&F employed statements similar in narrative to the directive of the memorandum issued by P&F.

140.    This document explicitly states "Attention, if an attorney appears at the hearing, and the attorney was not previously associated with the case, please notify the PA office of the attorney information. Please discuss settlement with the third party attorney. If no settlement is reached, *request a continuance on behalf of Plaintiff*." (emphasis added). See Exhibit "G".

141.    The italicized language clearly indicates a directive from P&F not to prosecute the principal case in chief, but rather to postpone the civil action hearing.

142.    The document continues "If an explanation is needed from the court, please discuss the recent entry of appearance, the lack of notice given to Plaintiff and explain to the court that if

Defendant will not be present during the hearing, Plaintiff needs time to see if our client desires to bring a witness via Pa. R.C.P.M.D.J. No. 215." See Exhibit "G".

143.    In the abovementioned Magisterial District Judge cases, P&F recited the above rationale and a corresponding purported intention of a desire to utilize PA. R.C.P.M.D.J. No. 215 to allow a witness to participate by technological means.  Indeed, PA. R.C.P.M.D.J. No 215 is limited to technological systems overseen by the court, and, in reality, is used solely for video arraignments and criminal proceedings.

144.    This rationale constituted a false and misleading representation because, upon information and belief, P&F did not intend to utilize PA. R.C.P.M.D.J. No 215, or any other rule, to offer a witness.

145.    Further, upon information and belief, P&F failed to confer with its client concerning an attempt to bring a witness in any of the abovementioned magisterial cases.

146.    Furthermore, upon information and belief, P&F never intended to attempt to procure a witness in person or remotely.

147.    Rather, this purported rationale presented a convincing narrative to the abovementioned magistrate judges who lacked the context that is P&F's abusive debt collection patterns and practices.

148.    This allegation is strengthened given the reality of the continued cases and the subsequent lack of witness participation presented by P&F. See Exhibits "A" and "C".

149.    The representation, to a magistrate judge, that a party possesses the intention to engage in a course of conduct while contemporaneously lacking the intention to do so constitutes a false and misleading representation.

150.    Furthermore, attending a civil action hearing and utilizing false and misleading statements to obtain a continuance constituted an action that cannot legally be taken and thereby violated 15 U.S.C. § 1692e(5) of the FDCPA.

151.    Therefore, P&F's representations that a continuance is necessary so that it may engage in a course of conduct which it has no intention of actually pursuing constitutes a false and misleading statement in connection with the collection of an alleged debt and thereby violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDPCA.

152.    The representation that a party possessed the intent to confer with its client or the intent to bring a witness while simultaneously lacking the intent to do either constituted a false and misleading representation in connection with the collection of an alleged debt and P&F thereby violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

153.    Furthermore, P&F's employment of this practice in the magisterial cases involving Brian McClellan, Michael Cockerham, and Howard Hailstork all constitute separate and distinct violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

## COUNT II
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692d, *et seq.*

154.    Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

155.    The purpose of the FDCPA is to "*eliminate abusive debt collection practices* by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." (emphasis added). 15 U.S.C. § 1692(e).

156.    Section 1692d of the FDCPA provides, in relevant part, that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

157.    Prior to moment of commencement of the hearings, P&F made no representations or communications to the Magisterial District Court or The Law Firm of Fenters Ward concerning the need to continue the relevant civil action hearing.

158.    P&F intentionally waited until the commencement of the respective civil action hearing to communicate a desire for a continuance.

159.    Upon information and belief, this pattern and practice is designed to incur the maximum potential cost to the opposing counsel and its client.

160.    Opposing counsel and their respective clients practice due diligence in preparing and sending attorneys to these inevitably postponed civil action hearings.

161.    The Law Firm of Fenters Ward and its respective clients expended significant resources to prepare, travel, attend, and/or participate in the scheduled civil action hearing.

162.    Failure to prepare accordingly would risk an adverse judgment necessitating the use of additional resources in appealing said judgment.

163.    The Law Firm of Fenters Ward does not stand alone in this position and, upon information and belief, firms and defendants across the Commonwealth are forced to bear the costs and expenditure of resources associated with participating in an inevitably continued hearing.

164.    Furthermore, P&F is able to continually cause the needless expenditure of financial resources upon law firms, clients, and *pro se* defendants, it practices against given the abovementioned pattern and practice memorialized in Exhibit "G".

165.    This phenomenon is exacerbated given the fact that many of these resources expended by P&F's actions are not applicable to the continued civil action hearings and P&F forces law firms and opposing counsel to expend resources in a duplicative fashion to participate in the later civil action hearing.

166.    At this later civil action hearing, P&F is equipped with the same legal arguments and a corresponding lack-of-witness participation as it was at the initial civil action hearing.

167.    P&F thus burdens the judicial economy of magistrate courts across the Commonwealth by utilizing this pattern and practice and forces courts to needlessly allocate time for initial civil action hearings that inevitably continued.

168.    P&F then further disservices the judicial economy by failing to bolster its legal at the continued civil action hearing and stands in an identical position as it was at the initial civil action hearing.

169.    P&F routinely utilizes false and misleading representations to obtain continuances in Magisterial District Court cases thereby forcing law firms and opposing counsel to incur needless resource expenditure or face adverse judgments.

170.    The natural course of this pattern and practice results in conduct that is harassing, oppressive, and abusive to law firms, opposing counsel, and their respective clients.

171.    This harassing and abusive conduct occurs in connection with the collection of a debt and thereby constitutes a flagrant violation of 15 U.S.C. § 1692d of the FDCPA.

172.    Furthermore, P&F's employment of this practice in the magisterial cases involving Brian McClellan, Michael Cockerham, and Howard Hailstork all constitute separate and distinct violations of 15 U.S.C. § 1692d of the FDCPA.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, Brian McClellan, Michael Cockerham, and Howard Hailstork, on their own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Patenaude & Felix, A.P.C, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendants to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the class members as a result of Defendants' unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful conduct as set forth herein;

D. Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper

## **JURY DEMAND**

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: May 7, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff