IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN MCCLELLAN, et al., | ) |
| Plaintiffs, | ) 2:20-CV-678-NR |
| v. | ) |
| PATENAUDE & FELIX, A.P.C., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiffs Brian McClellan and Michael Cockerham filed a putative class action against Defendant Patenaude & Felix, A.P.C. ("P&F") for alleged violations of the Fair Debt Collection Practices Act. ECF 14. P&F now moves to dismiss Plaintiffs' amended complaint, as well as strike Plaintiffs' proposed class definition and allegations. ECF 24. After careful consideration of the parties' submissions, the Court will deny P&F's motion to dismiss, and will deny P&F's motion to strike without prejudice.

**I.     Plaintiffs have sufficiently pled Article III standing.[1]**

P&F argues that Plaintiffs lack Article III standing because they did not suffer a "concrete" and "particularized" injury. ECF 25, p. 6. The Court disagrees. Plaintiffs assert that they suffered additional expenses, fees, and costs directly due to P&F's

---

[1] Article III standing requires that the plaintiff establish "(1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). P&F only challenges standing on the basis of a lack of a "concrete and particularized injury." Because there is no dispute as to the other elements of standing, and because the Court finds that Plaintiffs meet those other requirements, the Court only addresses the "concrete and particularized injury" requirement.

allegedly improper conduct. *See* ECF 14, ¶¶ 41-42, 56, 72. This is sufficient to satisfy the "concrete and particularized injury" requirement for Article III standing. *See, e.g.*, *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005) ("While it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of its paradigmatic forms."); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." (cleaned up)). Plaintiffs have sufficiently established standing at this stage.

## II.     Plaintiffs have pled plausible claims for relief.[2]

Plaintiffs bring two counts in their amended complaint. Count I alleges a violation of 15 U.S.C. § 1692e, specifically § 1692e(5) & (10). ECF 14, ¶¶ 85-127; *id.* at ¶ 92. Count II alleges a violation of 15 U.S.C. § 1692d. *Id.* at ¶¶ 128-146. P&F argues that both claims should be dismissed under Rule 12(b)(6) because they do not allege violations of the FDCPA. The Court finds, however, that Plaintiffs have pled

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). In determining whether the plaintiff has pled a "plausible" claim for relief, the "District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (cleaned up). Any reasonable inferences should be considered in the light most favorable to the plaintiff (*i.e.*, the non-moving party). *Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)). And the defendant bears the ultimate burden of showing that its motion to dismiss should be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

sufficient allegations to state a plausible claim for relief under the FDCPA, and thus satisfy the Rule 12(b)(6) standard.

Plaintiffs' claims generally stem from P&F's alleged policy and practice of seeking a continuance in a state-court debt-collection action by falsely representing, on the day of the hearing, that it needs a continuance to procure a witness for the hearing. *See generally* ECF 14; ECF 14-5. Plaintiffs allege that this request is merely a pretext, as P&F never has any intention of procuring a witness, and simply uses this as an excuse to delay the proceedings at Plaintiffs' expense. *E.g.*, ECF 14, ¶¶ 39-40, 42, 66-67, 118-122; ECF 14-5.

As an initial matter, while P&F's practice of requesting continuances is directed to the state court, that does not automatically preclude FDCPA liability. Communications made in the context of litigation, even if directed to a court, can give rise to FDCPA liability. *See, e.g.*, *Kaymark v. Bank of Am.*, 783 F.3d 168, 177 (3d Cir. 2015) (abrogated on other grounds) ("Thus, except for §§ 1692e(11) and 1692g(d), the [FDCPA] by [its] terms in fact suggest that *all* litigation activities, *including* formal pleadings, are subject to the FDCPA." (cleaned up)); *id.* at 178 ("Udren contends that a complaint, because it is directed to the *court*, is not a communication to the *consumer* subject to §§ 1692e and 1692f. This argument cannot be sustained."); *Simon v. FIA Card Servs.*, 732 F.3d 259, 266-67 (3d Cir. 2013); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 234 (4th Cir. 2007) (concluding that statements made in a motion for summary judgment during a state-court debt-collection action could give rise to FDCPA liability).

Further, Plaintiffs' allegations that P&F never intends to procure a witness, despite P&F representing to the contrary, state plausible claims under the plain language of the FDCPA.[3] Taking Plaintiffs' allegations as true, P&F's

---

[3] To be sure, under the FDCPA, there is nothing impermissible or improper about P&F requesting a continuance to procure a witness, or filing the debt-collection action

- 3 -

representations that it needs to procure a witness during the state-court debt-collection proceedings are plausibly "false, deceptive, or misleading." *See* 15 U.S.C. § 1692e. As P&F allegedly implements a policy of requesting a continuance to procure a witness during the state-court proceeding, *despite never actually intending to procure a witness*, P&F's representation is plausibly a "threat to take an[ ] action that . . . is not intended to be taken." *See id.* at § 1692e(5); *see, e.g.*, *Brown v. Card Serv. Cntr.*, 464 F.3d 450, 455 (3d Cir. 2006) ("[W]e conclude that it would be deceptive under the FDCPA for CSC to assert that it could take an action that it had no intention of taking and has never or very rarely taken before. . . . [W]ere it proven that the CSC had reason to know that the legal action described in its letter to Brown was unlikely, its statement in the CSC Letter that it was possible could be deemed misleading."); *Wideman v. Monterey Financial Servs.*, No. 08–1331, 2009 WL 1292830, at *3 (W.D. Pa. May 7, 2009) ("Because Wideman has specifically alleged in the complaint that 'MFS did not intend to file a 1099 C with the IRS,' she has properly stated a claim under § 1692e(5)."); *King v. Arrow Financial Servs.*, No. 02-0867, 2003 WL 21780973, at *3 (E.D. Pa. July 31, 2003) ("[I]n some instances . . . one-time settlement letters state a date by which payment must be received in order to avert the commencement of the lawsuit, when, in fact, no lawsuit is intended. This practice has also been found to violate the FDCPA prohibitions against 'threatening to take any action ... that is not intended to be taken.'" (cleaned up)).

Similarly, Plaintiffs' factual allegations, taken as true, state a plausible claim under § 1692d. According to Plaintiffs, P&F intentionally waits until the day of the hearing, after Plaintiffs prepare and appear for the hearing, and only then, misleadingly requests a continuance to procure a witness it has no intention of procuring. *E.g.*, ECF 14, ¶¶ 131-135. Because of P&F's alleged tactics, Plaintiffs'

---

in the first place. Rather, it is the alleged falsity and misleading nature of P&F's continuance request that gives rise to the potential FDCPA violations here.

preparation and spent resources (both financially and otherwise) is for naught, and the process must be repeated. Under the plain language of § 1692d, the Court concludes that Plaintiffs' allegations, at least at this stage, plausibly allege that P&F engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person." *See* 15 U.S.C. § 1692d; *Allen ex rel. Martin v. LaSalle Bank*, 629 F.3d 364, 367 (3d Cir. 2011) ("[W]e construe [the FDCPA's] language broadly so as to effect its purposes. . . . [Section] 1692d similarly condemns *any* conduct the natural consequence of which is to harass, oppress, or abuse any person. (cleaned up) (emphasis in original)).

Certainly, discovery will shed light on whether this claim may survive summary judgment or succeed at trial, as the specific factual context of the communications will be relevant in determining whether the communications were harassing, oppressive, or abusive. *Cf. Owens v. JP Morgan Chase Bank*, No. 18-1421, 2020 WL 1888857, at *10 (W.D. Pa. April 16, 2020) ("Whether the conduct at issue harassed, oppressed, or abused the debtor is generally a question for the jury." (citation omitted)); *Regan v. Law Offices of Edwin A. Abrahamsen*, No. 08–5923, 2009 WL 4396299, at *6 (E.D. Pa. Dec. 1, 2009) ("Although summary judgment may be appropriate where the specific conduct at issue unequivocally has—or does not have—the natural consequence of harassing, oppressing, or abusing the consumer as a matter of law, the court cannot say as a matter of law that either is true of the communications at issue in this case." (citations omitted)); *Hoover v. Monarch Recovery Mgmt.*, 888 F. Supp. 2d 589, 598-99 (E.D. Pa. 2012) ("[I]n this judicial district, judges lean toward giving plaintiff an opportunity to conduct discovery if plaintiff alleges a significant volume of calls, even without alleging separate facts

supporting defendant's intent."). At this stage, Plaintiffs have pled sufficient facts such that Count II states a plausible claim.

In sum, Plaintiffs' allegations state plausible claims for relief under the plain language of the FDCPA. This is especially so in light of the broad protections provided by the FDCPA. *See, e.g.*, *Allen*, 629 F.3d at 367 ("The FDCPA is a remedial statute, and we construe its language broadly so as to effect its purposes." (citation omitted)). Details surrounding P&F's actual motivations, the effect of P&F's actions on Plaintiffs, and the precise communications between Plaintiffs (and their attorneys) and P&F, are all relevant considerations that may affect Plaintiffs' claims. These questions must be determined through discovery. Dismissal is thus unwarranted.[4]

### III. P&F's class-definition arguments are better addressed at the class-certification stage.

Finally, P&F moves to strike Plaintiffs' proposed class definition and allegations under Rule 12(f). P&F argues that Plaintiffs use an improper "fail-safe" class definition, and "the 'competent attorney' standard alone thwart[s] certification in this matter." ECF 25, pp. 14-16. The Court acknowledges that Plaintiffs' proposed class definition may be problematic, as the definition inherently assumes an FDCPA violation. *See, e.g.*, *McDonald v. Wells Fargo Bank*, 374 F. Supp. 3d 462, 494, n.179 (W.D. Pa. 2019) ("A 'fail-safe' class is one that is defined so that whether a person

---

[4] For these same reasons, P&F's representations in the state-court debt-collection proceedings are plausibly a "false representation or deceptive means." *See* 15 U.S.C. § 1692e(10). As P&F itself recognizes, the claim under § 1692e(10) is derivative of Plaintiffs' §§ 1692e(5) and 1692d claims. *E.g.*, ECF 25, p. 12. Thus, given that Plaintiffs have stated plausible claims under § 1692d and § 1692e(5), the § 1692e(10) claim will also not be dismissed. *See, e.g.*, *Gervais v. Riddle & Associates,* 479 F. Supp. 2d 270, 276-77 (D. Conn. 2007) ("Courts have long held that after finding a valid claim under a more specific subsection of § 1692e, such as § 1692e(5), further analysis under § 1692e(10) is somewhat duplicative. . . . Therefore, having found that Defendant violated § 1692e(5) . . . this Court . . . finds that defendant also used "false representation or deceptive means" to collect a debt from a consumer in violation of § 1692e(10)." (cleaned up)); *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 679 (D.N.J. 2017) (same).

qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." (cleaned up)); *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 7230975, at *5 (E.D. Pa. Dec. 8, 2020); *see also* ECF 14, ¶ 76.

However, the Court finds that P&F's class arguments are better addressed at the class-certification stage.  *See, e.g.*, *Smith*, 2020 WL 7230975, at *5 ("Nonetheless, even if the proposed class seems fail-safe, district courts within the Third Circuit 'have a preference for addressing the issues discussed herein at the class certification stage. The fail-safe problem is more of an art than a science. This problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis.'" (quoting *Merino v. Wells Fargo & Co.*, No. 16-7840, 2017 WL 3908670, at *5, 6 (D.N.J. Sept. 6, 2017) (cleaned up))).  The Court will therefore deny P&F's motion to strike without prejudice.  To the extent that Plaintiffs move to certify a class defined in the same manner as pled in the amended complaint, P&F can raise this same argument at the class-certification stage.

***********************

Accordingly, it is **ORDERED** that Defendant's motion to dismiss/strike (ECF 24) is **DENIED**.  This is without prejudice to Defendant raising its arguments on a more complete record at subsequent stages of this case.

DATE: March 19, 2021                          BY THE COURT:

                                                       /s/ *J. Nicholas Ranjan*
                                                       United States District Judge